UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-61777-CIV-MORENO

KARL W. DOANE and K&H VENTURES, LLC.,

    Appellants,

vs.

FRIENDSHIP AIRWAYS LEASING, INC.,

    Appellees.
_____/

## ORDER AFFIRMING BANKRUPTCY COURT

Petitioning Creditors appeal the Bankruptcy Court's dismissal of their Involuntary Petitions for bad faith as well as the Bankruptcy Court's award of attorney's fees and costs. This Court finds that the Appellants have failed to show that the Bankruptcy Judge was clearly erroneous in his factual finding of bad faith after conducting an evidentiary hearing. This Court also holds that the Bankruptcy Judge did not abuse his discretion in awarding $47, 243 in fees and $151 in costs.

## FACTUAL BACKGROUND

Friendship Airways Leasing, Inc. is owned by Christopher Behnam. He also owns Friendship Airways, Inc. Friendship Airways Leasing, Inc. holds plane registrations for its only client, Friendship Airways, which does business as Yellow Air Taxi. Yellow Air Taxi runs a charter airline between Ft. Lauderdale and the Bahamas. It rents a plane from K&H Ventures, a company owned and run by Karl Doane.

The monthly rate for lease of the plane, plane N523FA, was approximately $2,934.88. The latest lease on the plane expired on April 1, 2010. Friendship Leasing kept the plane after the lease

expired and sent periodic payments.

In 2007, K&H Ventures purchased a second plane to lease to Friendship Leasing. The second plane needed repairs so Friendship Leasing never flew it. No lease agreement was ever made between Friendship and K&H Ventures regarding the second plane. When Friendship Leasing began having financial difficulties, K&H Ventures began accepting late payments and reduced payments for plane N523FA.

On February 14, 2011, K&H Ventures repossessed both planes. On February 18, 2011, Doane and K&H Ventures filed separate involuntary petitions under Chapter 7 of bankruptcy law against Friendship Leasing. K&H Ventures and Doane claimed Friendship owed a total of $130,000 in lease payments under an unspecified lease agreement. On that same date, three other involuntary petitioners filed a companion case against Yellow Air Taxi, asserting claims totaling $31,945.

Friendship filed a Motion to Dismiss on March 15, 2011. On April 4, 2011, the three involuntary petitions against Yellow Air Taxi were dismissed by the Bankruptcy Court.

On April 25, 2011, the Bankruptcy Court held an evidentiary hearing on the petitions remaining against Friendship. At that hearing, Doane testified that the involuntary petitions were filed to "get his money back." Doane further explained the petitions were filed to stop Friendship from "cannibalizing" parts between K&H planes. Doane testified he did not file a replevin action for the parts of his plane engines. He further testified he did not file a police report and no evidence of one was offered. Doane testified that he had pictures of the plane after he had repossessed it. At the same hearing, Friendship elicited testimony from Captain James Upp that he had seen the planes after their repossession and their motors were intact.

The Bankruptcy Judge dismissed the petition in open court, finding that the petitioners used

the Bankruptcy Code as a substitute for customary collection procedures, stating in his decision that the involuntary petition "was Mr. Doane's first choice, not his last." Appellant Doane and his wholly-owned holding company, K&H Ventures, LLC, claim that no Eleventh Circuit law was recited by the Bankruptcy Judge when he found that they had acted in bad faith. Appellees argue that the Bankruptcy Court, albeit not directly citing it, relied on the case of *Gen. Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485 (11th Cir. 1997), which was referenced by counsel during the hearing.

A month late, the Bankruptcy Court held an evidentiary hearing on the matter of attorney's fees and costs, and issued an order based on its consideration of "the invoices, the testimony at the May 25th evidentiary hearing, the arguments of counsel, and the relevant portions of the record" finding the Petitioning Creditors liable for $47,394.75.

## STANDARD OF REVIEW

The bankruptcy court's conclusions of law are reviewed de novo. Its findings of fact however can only be set aside if clearly erroneous. *See* 119 F.3d at 1494; Fed. R. Bank. P. 1803. Determinations of attorney's fees may only be reversed for abuse of discretion. *In Re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir. 1990).

## DISCUSSION

Appellants argue that the Bankruptcy Court failed to properly cite law and provide legal reasoning in dismissing the involuntary petitions. Implied in this argument is the requirement that a judge's oral findings from the bench must specifically cite those cases referenced by counsel during closing arguments. There is no such requirement, provided that the Court applies the controlling law. The Bankruptcy Judge here did precisely that when he applied the improper use

test from *General Trading*, as discussed by counsel. *See* 119 F.3d at 1501.

The Bankruptcy Judge explained his reasoning that the involuntary petition was "Mr. Doane's first choice, not his last" in deciding to dismiss the petition. This statement, along with the Court's analysis of the actions omitted by Mr. Doane, are consistent with *General Trading's* improper use test and its holding of improper use when a creditor substitutes the Bankruptcy Code for customary collection procedures.

On the issue of fees and costs, Appellants' Brief offers various one sentence arguments as to why the Bankruptcy Court's award of fees and costs should be remanded. None describe how the Bankruptcy Court abused its discretion. Pursuant to 11 U.S.C. §303(i)(1), after a bankruptcy court dismisses a petition, it may award costs and attorney's fees "against the petitioners and in favor of the debtor." The Bankruptcy Court listened to cross-examination of the Appellee's counsel regarding the invoices. It examined Appellee counsel's invoices, sustained certain objections, and reduced the attorney's fees accordingly. The Bankruptcy Court acted pursuant to §303(i) and there is no indication of abuse of discretion.

**ADJUDGED** that the Bankruptcy Court's Orders are AFFIRMED.

DONE AND ORDERED in Miami, Florida, this 11 day of January, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record